UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____- CIV-_____/_____

DELMY CRUZ,
on her own behalf and others similarly
situated,

    Plaintiff,

v.                                                                                              **COLLECTIVE ACTION**

MEJIA VASQUEZ, INC.,
a Florida Corporation, d/b/a
Salt & Pepper Chef, and ROMEO
MEJIA, an individual, jointly and
severally,

    Defendants.
_____/

**COMPLAINT**

**Introduction**

Plaintiff, DELMY CRUZ ("Plaintiff"), on her own behalf and the employees similarly situated to her, hereby sues Defendant, MEJIA VASQUEZ, INC. d/b/a Salt & Pepper Chef, a Florida Corporation, and ROMEO MEJIA, an individual (hereinafter collectively, "Defendant" or "SALT & PEPPER CHEF"), for failing to pay minimum wages to all servers/waitpersons, however variously titled (hereinafter referred to as "servers") pursuant to 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") and the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24 (hereinafter "FMWA").

1. At all times material to this Complaint, Defendant has owned and operated a restaurant since its opening for at least five years prior to the filing of

this Complaint, in Pompano Beach, Broward County, Florida within the jurisdiction of this Court.

2.  Defendant, ROMEO MEJIA, is an owner and operator of SALT & PEPPER CHEF, and meets the definition of employer pursuant to 29 U.S. Code § 203(d), in that MEJIA acted directly or indirectly in the interest of SALT & PEPPER CHEF, to wit: MEJIA hires, fires, disciplines, schedules, sets employee pay rates, and otherwise controls the terms of SALT & PEPPER CHEF's employees.

3.  Plaintiff, DELMY CRUZ, is an individual residing in Broward County, Florida.

4.  At all times material to this Complaint, Defendant orchestrated a common policy and practice of paying its servers a flat daily rate of $25.00, which usually consisted of a 7-hour work shift. In addition, Defendant required its servers to perform side work each week that was not incidental to tip producing activities.

5.  Because servers' shifts were generally 7 hours, the effective hourly rate was approximately $3.57 per hour.

6.  Tip credit workers in Florida must be paid a cash wage of at least $5.44 per hour.

7.  Plaintiff and other similarly situated servers were required to perform side work several hours per week that was not related to tip producing activities. Plaintiff should have been paid a minimum wage with no tip credit for this time.

8.  Defendant violated the FLSA and FMWA by failing to pay class members within the past five (5) years at least the full minimum wage for all hours worked pursuant to the FLSA, the FMWA, and Fla. Const. Art X §24(c) ("Employers

*shall* pay Employees Wages no less than the Minimum Wage for *all* hours worked in Florida.") (emphasis added).

9. Plaintiff and proposed class members were/are hourly paid servers who have worked for Defendant within the last five (5) years at Defendant's restaurant in North Lauderdale, Florida.

10. Plaintiff and the proposed class members were subjected to the same violations of the FMWA. More specifically all servers were paid less than the minimum wage and were required to perform side work each week that was not incidental to tip producing activities.

11. Plaintiff and the proposed class members were subjected to the same violation of the FLSA. Specifically, all servers were paid less than the minimum wage and were required to perform side work that was not incidental to tip producing activities. The class of similarly situated employees, potential class members sought to be certified, under 29 U.S.C. §216(b) is defined as:

> **"All persons who worked for Defendant as servers during the three (3) years preceding this lawsuit and who were not paid at least the full minimum wage pursuant to the FLSA for each hour worked,"**

with the precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant.

12. Plaintiff also seeks class certification under Fed. R. Civ. P. 23 of the following state law class under Florida state law:

> **"All persons who worked for Defendant as servers during the five (5) years preceding this lawsuit, and who were not paid at**

3

**least the full minimum wage pursuant to the FMWA for each hour worked."**

## Jurisdiction & Venue

13. This action is brought under the FLSA and Florida law to recover from Defendant minimum wages, liquidated damages, and reasonable attorney's fees and costs. This action is intended to include each and every hourly paid server who worked for Defendant at any time within the past five (5) years.

14. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's Florida Constitution claim pursuant to 28 U.S.C. §1367 because the acts and omissions that give rise to Plaintiff's state law claims are so related to claims in the federal causes of action that they form part of the same case or controversy under Article III of the United States Constitution.

15. This Court has jurisdiction and venue over this complaint as Plaintiff resides in this District, and Defendant's violations of the FLSA and the FMWA took place in Broward County, Florida.

## General Factual Allegations

16. At all times material to this Complaint, Plaintiff worked for Defendant at its restaurant located in Pompano Beach, Broward County, Florida.

17. Plaintiff, DELMY CRUZ, worked for Defendant as a server between approximately December 2018 and May 20, 2019.

18. Defendant could have deducted a tip credit of, *inter alia*, $3.02/hour [$8.46/hour - $5.44/hour = $3.02/hour], but instead paid servers a flat rate of $25.00 per day, which usually covered approximately 7 hours of time. In addition,

servers were required to perform side work several hours per week that was not incidental to tip producing activities.

19. At all times material to this Complaint, SALT & PEPPER CHEF has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, SALT & PEPPER CHEF has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on kitchen and commercial equipment—including but not limited to refrigerators and freezers, ovens, grills, fryers, blenders, coffee machines, stoves—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with food, beverages, and alcohol—including but not limited to cheese, meats, fish, vegetables, imported wines and beers, — that were goods and/or materials moved in or produced for commerce; and (c) regularly processed credit card transactions for payments by and for Defendant's customers through banks and merchant services for credit card companies such as Visa, Mastercard, and American Express.

20. Based upon information and belief, the annual gross sales volume of SALT & PEPPER CHEF has been in excess of $500,000.00 per annum at all times material to this Complaint.

21. At all times material to this Complaint, SALT & PEPPER CHEF has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s), and within the meaning of the FMWA.

22. Defendant is in the business of providing food and drinks to the general public.

23. Defendant has employed Plaintiff and other servers ("class members" or the "class") at Defendant's restaurants since inception within the last five (5) years.

24. Plaintiff and the class members have worked for Defendant in Florida without being paid at least the full minimum wage for all hours worked due to Defendant's illegal policy and practices of (1) paying Plaintiff and class members only $25.00 per 7-hour work shift; and (2) requiring Plaintiff and class members to perform side work that was not incidental to tip producing activities (preparing food, cleaning interior and exterior windows, cleaning chairs, bathrooms, tables and floors).

25. Plaintiff and all similarly situated employees have regularly performed a specific job for Defendant, i.e. serving food and/or and drinks, which is an integral part of the restaurant business of Defendant.

26. Defendant failed to properly utilize the tip credit and paid Plaintiff and all similarly situated servers below the applicable tipped minimum wage.

27. Based upon the foregoing practices, Defendant violated and continues to violate the terms of the tip-credit and the FLSA's and the FMWA's provision on minimum wages.

28. As a result of Defendant's common policies, Plaintiff and each similarly situated server is entitled to receive compensation to bring each hour worked up to the minimum wage.

29. The additional persons who may become plaintiffs in this action are employees who are similarly situated to Plaintiffs (i.e. servers, waitpersons, however

variously titled) in that: (1) they customarily and regularly received tips from and interacted with Defendant's customers and who suffered from the same pay practice of being paid only $25.00 per day for approximately 7 hours of work; and (2) they were required to perform side work that was not incidental to tip producing activities.

30. Based upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated servers are in the possession and custody of Defendant.

## Collective/Class Factual Allegations

31. Class members are treated equally by Defendant. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

32. Defendant subjected class members to the same illegal practice and policy by paying its servers only $25.00 per day for a seven-hour shift.

33. Defendant subjected class members to the same illegal practice and policy by requiring class members to perform side work that was not incidental to tip producing activities.

34. Based upon information and belief, Defendant has employed over twenty (20) class members who were paid only $25.00 per 7-hour workday within the past five (5) years. The exact number of members of each class can be determined by reviewing Defendant's records.

35. Defendant pays class members in the same manner as Plaintiff, $25.00 per 7-hour workday and also requires servers to perform side work that is not incidental to tip producing activities.

36. Additionally, Defendant has failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

37. Defendant's failure to keep accurate time and pay records casts the burden on Defendant to disprove the testimony of Plaintiff and all class members regarding the illegal manner in which they were paid.

38. At all times material to this Complaint, Defendant violated the FLSA and FMWA by paying its servers less than a minimum wage. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b) and Florida law, Plaintiff is entitled to recover all reasonable attorney's fees and costs from Defendant.

40. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

41. The claims under the FMWA may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Fed. R. Civ. P. 23.

42. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

43. Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

44. A collective/class action suit, such as the instant one, is superior to

other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

45. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the FLSA and the FMWA.

46. Further, even if every member of the class could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

47. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendant's employed servers within the meaning of the applicable statutes, including the FLSA;

    b. Whether servers were uniformly, willfully and wrongfully paid less than the minimum wage;

    c.    Whether Plaintiff and the class members were required to perform side work that was not incidental to tip producing activities;

    d.    What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

    e.    Whether Defendant's failure to compensate Plaintiff and the Class Members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

48.    The relief sought is common to the entire class including, *inter alia:*

    a.    payment by the Defendant of actual damages caused by their failure to pay minimum wages pursuant to the FLSA and FMWA;

    b.    payment by the Defendant of liquidated damages caused by their failure to pay minimum wages pursuant to the FLSA and FMWA;

    c.    payment by the Defendant of the costs and expenses of this action, including the attorneys' fees of Plaintiff's counsel;

    d.    that Defendant ceases and desists from their illegal practices of paying servers less than a minimum wage; and,

    e.    that Defendant ceases and desists from their illegal practices of requiring servers to perform side work that is not incidental to tip producing activities.

49.    Plaintiff's claims are typical of the claims of members of the class. Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policy of Defendant – to wit, the policy of paying its servers only $25.00 per 7-hour workday, and the policy of requiring servers to

perform work that is not incidental to tip producing activities, in violation of the FLSA and the FMWA.

50. At the time of the filing of this Complaint, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### FIRST CAUSE OF ACTION
### MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)

51. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 50 as though fully stated herein.

52. At all times material to this Complaint, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

53. At all times material to this Complaint, Defendant employed Plaintiff and continued to employ similarly situated servers.

54. As set forth above, Defendant has at all times material to this Complaint, utilized a policy and practice of paying its servers only $25.00 per 7-hour workday.

55. As set forth above, Defendant has at all times material to this Complaint, utilized a policy and practice of requiring their servers to perform side work that was not incidental to tip producing activities.

56. Defendant's policy and practice violates the FLSA's tip credit and minimum wage provisions.

57. Defendant's failure to pay Plaintiff and other servers the full minimum wage is a violation of 29 U.S.C. §206.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

WHEREFORE, Plaintiff, DELMY CRUZ, on her own behalf and other similarly situated servers, demands judgment against Defendant, SALT & PEPPER CHEF, for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24, CHAPTER 448 FLORIDA STATUTES

59. Plaintiff realleges and reincorporates all allegations contained within Paragraphs 1 through 50 above as though fully stated herein.

60. Plaintiff and the other similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendant within the last five (5) years.

61. During her employment with Defendant, Plaintiff and those similarly situated servers were only paid $25.00 per 7-hour work shift.

62. During her employment with Defendant, Plaintiff and those similarly situated servers were required to perform side work that was not incidental to tip producing activities.

63. Defendant willfully failed to pay Plaintiff and those similarly situated servers the full minimum wage for one or more weeks of work contrary to the FMWA.

64. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the other similarly situated servers have been

damaged in the loss of minimum for one or more weeks of work with Defendant within the past five (5) years.

WHEREFORE, Plaintiff, DELMY CRUZ, on her own behalf and other similarly situated servers, demands judgment against Defendant, SALT & PEPPER CHEF, for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorney's fees and costs incurred in this action, an Order requiring Defendant to cease and desist from its unlawful practices and any and all further relief that this Court determines to be just and appropriate.

## **Jury Demand**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: November 8, 2019

Respectfully submitted,

By:   ***/s/Robert S. Norell, Esq.***
Robert S. Norell, Esquire
Florida Bar No. 996777
E-Mail:  rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*